**Anthony L. KINARD, Plaintiff–Appellant,**

v.

**Wendy STARK; Scott Rogers; Carl Roberts; City of Jackson; Jackson Police Department, Defendants–Appellees.**

No. 00–1684.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before BOGGS and DAUGHTREY, Circuit Judges; WEBER, District Judge .*

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

Pro se Michigan prisoner Anthony L. Kinard appeals a district court order that denied his motion for relief from judgment. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In November 1998, Kinard filed suit against the City of Jackson, Michigan; the Jackson Police Department; and Jackson police officers Wendy Stark, Scott Rogers, and Carl Roberts. He claimed various violations of 42 U.S.C. §§ 1981, 1983, and 1985, and he included a state law claim of malicious prosecution.

The magistrate judge recommended that the district court dismiss Kinard's suit. Following the filing of a battery of motions and orders regarding the timeliness of Kinard's objections to the magistrate judge's report, the district court conducted de novo review and dismissed Kinard's suit in an amended judgment entered on December 7, 1999.

On March 10, 2000, Kinard filed a Fed. R.Civ.P. 60(b) motion in which he sought to have the district court conduct a de novo review of his suit based on his allegedly timely objections to the magistrate judge's report. The district court noted that it had already conducted a de novo review, as reflected in the amended judgment. The district court denied the motion as moot because the relief sought had already been granted. The district court also construed the motion as a timely Rule 60(b) motion from the amended judgment and denied relief.

In his appeal, Kinard asserts the merits of his suit and argues that the

district court erred by denying his Rule 60(b) motion because he did not receive a copy of the amended judgment.

We will affirm the district court order that denied Kinard's Rule 60(b) motion. The underlying judgment is not reviewable because the notice of appeal was filed more than thirty days after entry of the judgment. *See* Fed. R.App. P. 4(a); *Browder v. Director, Dep't of Corr. of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Moreover, the notice of appeal specifically states that the appeal is taken from the order denying the Rule 60 motion. *See* Fed. R.App. P. 3(c)(1)(B); *United States v. Universal Mgmt. Servs.,* 191 F.3d 750, 756–57 (6th Cir.1999), *cert. denied,* 530 U.S. 1274, 120 S.Ct. 2740, 147 L.Ed.2d 1005 (2000).

■ We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Thompson v. Am. Home Assur. Co.,* 95 F.3d 429, 433 (6th Cir.1996). Because the district court conducted the de novo review that Kinard sought, his motion was properly denied as moot.

■ The district court stated that it conducted a full review of the plaintiff's claims, and this statement by the court, without more, is adequate proof that the court conducted de novo review. The mere statement in the opinion and order that the district court had conducted a de novo review satisfies the standard of a de novo review under 28 U.S.C. § 636(b)(1). *Tuggle v. Seabold,* 806 F.2d 87, 92–93 (6th Cir.1986).

Accordingly, we deny Kinard's request for oral argument and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.